This morning is case number 4130862, People v. Edge, for the appellant, Sarah Curry, for the appellate, Allison Brooks. Ms. Curry, please proceed. Good morning, your honors. My name is Sarah Curry from the Office of the State Appellate Defender, and I represent Robert Edge. Robert Edge was charged with two counts of predatory criminal sexual assault for a single incident that occurred during a two-year period between May 1, 1997 and June 12, 1999. Following a jury trial, Edge was found guilty and sentenced to 12 years' imprisonment on each count of the sentences run consecutively. The trial court ordered Edge to serve 85% of this sentence. Because the record does not establish that the offense occurred on or after June 19, 1998, the effective date of truth in sentencing, the court's order that Edge serve 85% of his sentence is void and the minimus should be corrected to make clear that Edge is eligible for day-for-day good time credit. Neither the jury nor the trial court in this case made a finding that the offense occurred after June 19, 1998, and the record does not support such a finding. It cannot be assumed that the offense occurred between June 19, 1998 and June 12, 1999. Because the incident may have occurred prior to June 19, 1998, Edge is entitled to day-for-day good time credit. Counsel, let me ask you this. Opposing counsel points out that at the sentencing hearing, the trial court asked the prosecutor and defense counsel, would you agree that the applicable factors for estimating the actual time of confinement would be based upon 85% and that everyone agreed to that? How does that impact your argument? The state does argue that this was an implied finding and that the defense impliedly agreed. However, this was a very complicated fact pattern and without a discussion on the record regarding the effective date of truth in sentencing and the date of the offense, I don't think that we can assume from this two-sentence discussion on the transcript that this is what they were talking about. The sentencing hearing occurred in 2003, over five years after truth in sentencing went into effect. The more likely scenario is that the trial court was saying, does predatory criminal sexual assault come under the guise of truth in sentencing? And defense agreed, yes, it does. The more likely scenario is that they were talking about whether 85% applied in that case, not whether the offense occurred after the effective date of truth in sentencing. At trial, A.C. and her mom testified that the offense occurred while they lived with Edge on Elm Street in El Paso. The effective date of truth in sentencing was June 19, 1998. There are 414 days between the date at the beginning of the range charged in the indictment and the effective date of truth in sentencing. There are 358 days from the effective date of truth in sentencing to the date alleged at the end of the indictment. Thus, there are more days where truth in sentencing was not in effect as to the days that truth in sentencing was in effect. The only other information A.C. provided about the timing of the offense was that it occurred before she turned 13, which was June 12, 1999, that it was sunny out, that it was during the school year, and that the offense occurred a year to a year and a half before they moved from El Paso. A year before they moved from El Paso would have been June 12, 1998. A year and a half before they moved from El Paso was December 12, 1997. This entire range of the most specific dates provided by A.C. is before the does not conform to a statutory requirement is void and may be attacked at any time. The requirement that the offense occur after June 19, 1998 in order for truth in sentencing to apply was not met in this case. Truth in sentencing does not apply because the evidence does not warrant it. The trial court had no authority to order and Edge and his counsel had no authority to agree that his sentence was subject to truth in sentencing. In the 214.01 petition, were there specific allegations that the conduct occurred after the specific date, June 19, 1998? In the 214.01 petition is silent as to the specific date of the offense. For the evidence and the record that would support a finding that the conduct occurred after June 19, 1998 to fit your argument here? There is no evidence in the record to support that it occurred after June 19, 1998. In fact, the evidence supports the finding that if it supports either scenario, it supports more likely that it occurred before June 19, 1998. And what about at the hearing on the petition? Did counsel point out in the record evidence that the conduct predated June 19, 1998? Edge did not have counsel when the petition was dismissed and in fact the trial judge didn't even comment as to this issue that was raised in the petition. Edge raised another issue in the petition and the trial court commented on that but did not even speak to this issue having been raised in the petition. Could you speak then to the burden on the petitioner where the petitioner has not alleged specific evidence in the record that the conduct predated the date of the truth in sentencing and that the argument failed to identify any evidence in the record to suggest that the conduct predated truth in sentencing in terms of the propriety of the court's dismissal of the petition? Well, Mr. Edge's argument is that his sentence is void based on the record that was presented at trial, the evidence presented at trial. A.C.'s memory was very, very fuzzy. I mean, that's why the indictment alleged this two-year period. And, you know, her most detailed memories was that it was sunny out, that it was a school day, she was home sick from school that day. But her most detailed memories, her most specific testimony was that the offense occurred a year to a year and a half before they left El Paso. That entire six-month period is before the effective date of truth in sentencing. It's a little hard to, when you look at what was testified to, the mom's testimony and the victim's testimony, trying to establish when that occurred, you basically come up with ranges based on when they were living in El Paso and when they moved. It could be before or after June 19 of 1998, right? Correct. Okay. But her most specific testimony is this year to a year and a half before they moved. And that entire range is before the truth in sentencing. And I would posit that we should go with her most specific testimony, even though most of her testimony was very vague. And the possibility that it occurred after June 19, 1998, raises ex post facto implications that if it did occur after or before June 19, 1998, truth in sentencing simply cannot be applied to him. So it's my understanding there was no argument made before the trial court on the 2-1401 petition? No. Well, who has the burden at that stage? Well, his petition was dismissed by the trial court without argument, but just based on the petition. And his argument is that the sentence is void, so it's not a burden. His sentence is an illegal sentence and cannot stand and can be challenged at any time. I understand it can be challenged, but who has the burden on the 2-1401 petition when it's presented to the trial court? Mr. Edge had the burden to convey his allegations in his petition. What did he do to meet his burden? He alleged this argument that his truth in sentencing, the order that he served 85 percent of his sentence was illegal. So your position is that the allegation alone carries the burden? The allegation carries the burden and his sentence is void, so it can be attacked at any time. Even if he hadn't raised this issue in his petition, his sentence could be challenged. Maybe you're misunderstanding what I'm asking. I'm not asking about, I understand it's a certain voidness. I'm asking, is there a burden to be carried before the trial court on a motion to dismiss or on a dismissal sua sponte, whatever the case may be, by the defendant in presenting the 2-1401 petition? I think your response was he can just allege in the pleadings what your theory is and that's enough. He alleged a viable claim that he was serving an illegal sentence. And your theory is that's enough? That is enough. So an allegation, that a sentence is void is enough, you don't have to go forward and prove that? Well, the record does support his allegation. His petition, his allegation in his petition, in combination with the evidence presented at trial, that is the evidence that supports his allegation to show that his sentence is illegal. The 85% cannot stand because there's no evidence that the offense occurred prior to June 19, 1998. Other than the allegation in the indictment as far as the time frame in which the jury found him guilty of that offense. Correct, but there was no finding as to the specific date upon which the offense occurred. And if it's possible that it occurred prior to June 19, 1998, then his sentence is illegal. And I guess that's the question you're saying, if it's possible, is that enough? That is enough. But it's also possible that it occurred at a time when truth in sentencing was in effect. But the potential, we can't assume that it occurred after June 19, 1998, and the potential implications for having him serve 85% when it's not warranted violates rules against ex post facto and subjects him to a sentence that, upon a statute that did not exist at the time of the offense. But we can assume that it occurred prior to truth in sentencing? The evidence supports more likely that it occurred prior to June 19, 1998. The evidence is vague. A.C.'s memory was very, very vague. However, if you look at the most specific aspects of her testimony, the offense occurred prior to June 19, 1998. And to assume otherwise subjects Mr. Edge to a sentence to which he is not eligible. Do you have a case that supports your assertion that if it's possible it occurred before June 19, 1998, that is enough for carrying the burden under 2-1401 petition? I don't have a specific case involving that, no. Okay. Are there no further questions? There appear to be none, but we will have rebuttal. Okay, thank you. Ms. Brooks? Good morning, Your Honors. I have police support and counsel. My name is Allison Paige Brooks, appearing on behalf of the people. First of all, this court has no ability to grant the remedy to the defendant seeks, which is to vacate the truth in sentencing term because it is not void and because the defendant's challenge below was barred by these two-year statute limitations in section 2-1401. Even if the defendant did not raise this challenge in the 2-1401 petition and raised a completely different issue, for example, and raised this argument for the first time on appeal, then relief could only be had if the part of the sentence that he's challenging is in fact void, not voidable. Because voidable sentences, errors in sentence are not necessarily make that sentence void and therefore are subject to challenge at any time, even first time on appeal, from a collateral proceeding such as this one. But as the Welch case demonstrates, in that case there were consecutive sentences, but because of the single course of conduct requirement, the defendant, Welch, alleged that his sentence, consecutive sentencing part of his sentence was void because that would violate the requirements with respect to whether consecutive sentence could be imposed. But if the trial court can find that, or does find, at least like in the Keller case, showed an implied finding of the exceptionally brutal and heinous requirement necessary to impose an extended term sentence in the Keller case, then that finding is good enough to make the defendant eligible for that sentencing disposition. In Keller it was extended term, in Welch it was consecutive sentencing, and in here the implied finding of the deed of the offense being on or after June 19, 1998 makes the defendant eligible for truth in sentencing. And therefore the truth in sentencing portion of his sentence is not void. If the defendant believed that the record evidence would have shown that he either could have possibly or more likely, or even if he established affirmatively that the offense was committed before the date that would make him eligible for truth in sentencing, then his remedy would have been to seek an appeal or file a timely Section 2-1401 petition. But because he failed to do that within the statute of limitations or take this issue on a direct appeal, he's subject to only making his claim, which he does here, which is that the sentence is void, but it's not. In the Davis case, there is a difference between void and voidable, as explained in Davis. The power to render a judgment does not mean that it has to be the judgment that should have been rendered, because the power to decide carries with it the power to decide right as well as the power to decide wrong. So if the trial court decided incorrectly that the defendant's offense was committed on or after June 19, 1998, because in light of the record, most of the evidence according to the defendant shows that the offense was likely committed before that date, that means the trial court made an erroneous factual finding. It does not mean that the trial court's then sentence was void, because again, the power to decide right and the power to decide wrong. The question of voidness goes to the jurisdiction, and jurisdiction goes to the authority in the court. And it was a judicial matter with respect to whether the defendant's offense was committed on or after June 19, 1998 or not. That was a matter before the trial court for determination. When the trial court makes that implied determination, and the reason why the state argues that was an implied determination is because, well, I'll get to that in a second, but once the judge makes that determination, right or wrong, the judge had the power to make that decision. And that is really the only question as jurisdiction is with respect to the judgment is void or whether it's voidable. Let's suppose that we agree with you on the voidness versus voidable argument. Going back to Justice Turner's questions to opposing counsel regarding the burden here, this being in the posture of a 214.01 petition, what did the petitioner have to establish in his petition to be able to carry the day here? Setting aside the statute of limitations problem, is that what you're asking? Assuming he had a timely 214.01 petition, is that your question? Yes. Okay. Putting aside the statutory bars and timeliness, the state's position, I guess, would be that he would have to show that, I'm not sure if there is a case that shows that if there is an overlap for discrete offense. The case that I found was where the defendant committed multiple acts, a series of conduct or something that overlaps the effective date of the statutory change. So as long as the most recent of those acts was after the effective date, then the effective date can be applied constitutionally. So I guess the question here is, with one discrete offense, or actually two different offenses but committed on the same date, but the statutory range is alleged, I'm sorry, the date and the indictments, is a range of offenses which both precedes and postdates the offense. Essentially, I'm not sure if the defendant would have to establish affirmatively through some sort of proof that his offense actually, in fact, preceded the effective date of the offense. And when the defendant hasn't said, because he denied his guilt, that he, in fact, committed his crime before the effective date, unless he actually somehow pleads and proves that, then there really is no way to know whether the trial court was wrong to decide this question. Because the defendant hasn't alleged by telling, yes, he committed this crime, yes, he committed it, but it was at a date preceding June 19, 1998. Unless he pleads and proves that, then the judge essentially makes a determination, and he's challenging that determination, but with what? I guess that's a good question to ask the defense. What are they really challenging this trial court's finding with, other than just evidence in the record, which is not conclusive either way. The AC of the victim turned 13 on June 12, 1998, and it moved from El Paso the week of that birthday. And if the offense occurred as little as about a year before, and the requirement of the date has to be June 19, 1998, and we're talking about June 12, 1999, then there's about a year difference there. And so, I mean, the defense says there's no evidence, but yet part of the evidence can be construed in such a way to make the offense occur on or after June 19, 1998. I understand, though, that she says that this happened during the school year, and presumably the school year is not during the summer, and the range does go from a year to a year and a half. So the defense is sort of right that, more likely than not, this offense would have occurred before, but then the defense counsel agreed to this. And I would emphasize here, with respect to the central disagreement here, is that they say the judge made no finding whatsoever. I mean, obviously, the jury did not make an affirmative finding with respect to the date of the offense, nor was it required to do so. But what the judge did, is the judge said that this truth in sentencing was, quote, required by the law. And in the sense that the defense counsel... Well, counsel, let me ask you that. I mean, I guess my question is, what is necessary to demonstrate that the court is making an implied finding with respect to the issue that's before us? Because having sat in criminal court for many years, you have the attorneys come up, or you have a sentencing hearing, and you're basically focusing on, okay, is this a day-for-day offense, or 85 percent, or 75 percent? And I think counsel is suggesting that it was really more about that versus did this occur during the time period where truth in sentencing was in effect. So what about this language that the trial court stated on the record leads you to think that this is enough for an implied finding? Yes, Your Honor, and I understand the question, because this court should presume that the trial court acted in accordance with the law unless the record affirmatively rebuts that presumption. And when the trial court made that remark that 85 was, quote, required by the law, and essentially what the defendant's position here is, well, this sentencing happened in 2003, so it's just somehow assumed that the judge thought that all predatory criminal sexual assaults committed on or after, at the time of sentencing in 2003, should be subject to truth in sentencing without regard to the date of the offense. But yet, if this court presumes, without evidence to the contrary, that the judge followed and applied the law, the important point here is that this sentencing statute specifically says that it applies to the offenses, the list of offenses that includes predatory criminal sexual assault committed on or after June 19, 1998. So when the judge says this is required by law, and the statute specifically says it applies only to these offenses committed on or after June 19, 1998, then it fits together. It means the judge has made a finding that this offense was, the predatory criminal sexual assaults were committed on or after June 19, 1998. And there's nothing to show at the sentencing hearing that the judge made a contrary finding, but then nevertheless imposed the truth in sentencing sentence. If I could just hone in just a little bit more on this question, I think maybe the way I can do it is, Ms. Curry has represented this court that she believes that if her client can show that the offense could have occurred prior to June 19, 1998, that's enough to carry her burden to prevail on this 2-1401 petition. Does the state agree with that? Is that enough? I don't have enough authority to agree with that position. I mean, for example, if this were raised on a direct appeal and there was nothing but the trial evidence to show, to give this court some sort of doubt on a direct appeal, that the offense may have occurred prior to the effective date of truth in sentencing and making the defendant ineligible for it or making it ex post facto, whether this court would grant relief on a direct appeal, that's a question this court doesn't have to decide because this is an untimely 2-1401 petition under Welch. It has to be a requirement of a timely challenge. And so this court doesn't need to reach that decision. And the only remedies this defendant could get is possibly supervisory authority from the Illinois Supreme Court or get the governor to commute a sentence to time served if, for example, his day-for-day conduct would entitle him, if this court were to agree with him, give him an immediate release on mandatory supervised release, for example. Those are what he is seeking. He's asking the wrong court, really, for the wrong relief at this point because he didn't do what he should have done before, which is take the timely direct appeal or preserve it in a 2-1401 within the two years or a timely post-conviction petition, perhaps. Let's see if there is any other. Oh, okay. I would like to distinguish, Lee, in some of the other cases the defendant relies on. These were cases in which truth in sentencing was considered to be void because they were imposed under Public Act 89-404, which was a void enactment because it violated the single subject rule of the Illinois Constitution. Here, truth in sentencing was imposed under valid reenactments in Public Acts, which were identical 90-592 and 90-593. So for that reason, this case is distinguishable from the series of cases the defendant relies on, which vacate truth in sentencing because it had been imposed under a non-constitutional enactment. So this also is not like the Wasson case because the problem in Wasson was that the offense, predatory criminal sexual assault, did not exist at the time of the indictment or at the time of the conduct. So here that statute was in effect when the defendant committed the offense, even in the entire range of offenses alleged in the indictment. So because predatory criminal sexual assault was in effect for that entire range, this is not a Wasson-type problem, and therefore it's not a good authority for this Court to follow in plain remedy. So that's the extent of today's argument. I'm going to entertain any questions. Otherwise, I request this Court to affirm. Seeing none, thank you very much. Is there any rebuttal? Okay. Going back to your questions about the burden, the burden at sentencing is on the State to show that Mr. Edge was eligible for truth in sentencing. And based on this record, the State did not meet that burden. In the petition, in the 214-01 petition, as it was untimely, and this Court must find that it was void to side with Mr. Edge's argument, he didn't have to even allege this in his 214-01 petition. The sentence is unlawful. It's void. It can be attacked at any time. But the burden remains with the State on showing that he was eligible for 85 percent time, and they did not at trial, the evidence presented. There's no other evidence that they would have been able to present. AC was questioned by the State's attorney and by defense counsel about as much detail as she could remember. And what she testified to was the best to her recollection. And that evidence shows that it's more likely that the offense occurred prior to the effective date of truth in sentencing. The State didn't meet its burden at the trial or the sentencing, and Mr. Edge should not be subjected to truth in sentencing based on that. Just briefly again, this Court should not find that the trial judge made an implied finding in this case. As we've talked about this, the details of this, the timing here for 25 minutes, there's no way that the trial court with no discussion made a specific finding that the offense occurred after June 19, 1998, and that defense counsel agreed to that. There's no reason defense counsel would have agreed that his client should be subjected to 85 percent sentencing when there's a very good chance that the offense occurred, a better chance that the offense occurred prior to the effective date of sentencing. That's not what they were talking about. This is five years after truth in sentencing had been the law. They were making sure that predatory criminal sexual assault was an offense that came under the Truth in Sentencing Act, and that's what that discussion was about. And it was not an implied finding, and that's why the sentence is void and not voidable, because Mr. Edge was not subject to truth in sentencing, and the Court did not have the authority to impose it. Okay, thanks to both of you. The case is submitted, and the Court will stand in recess until the next matter.